KNAPP and others *v.* SHAW and others.

*(Circuit Court, D. Massachusetts. January 31, 1883.)*

PATENTS FOR INVENTIONS—SHADE-ROLLERS—COMBINATIONS—INFRINGEMENT.

Defendants may read the original patent in evidence at the trial, though not put in before the examiner, in order to show that the reissue is for a different invention, in fact, from the original, if the evidence cannot surprise the plaintiff.

In Equity.

*John L. S. Roberts,* for complainants.

*James E. Maynadier,* for defendants.

LOWELL, J. The bill alleges the infringement of four letters patent relating to shade-rollers for curtains or shades. The first is reissue No. 6,925, and the question arises as to this: whether the defendants can read the original patent in order to show that the re-

issue is for a different invention, in fact, from the original. That defense is taken in the answer, but by some slip the patent was not offered in evidence. The case was, apparently, tried as cheaply as possible, and the four patents and the assignments were introduced by stipulation. Looking at the original, I find that the subject of the third clause, said to be infringed here, is not mentioned or referred to, or shown or described in any way. I do not see how there can be any surprise to the plaintiffs in permitting this patent to be treated as if it had been formally introduced. I can see no possible question, except such as arises on reading the two papers. I think I ought to receive this evidence, and, of course, it disposes of this part of the case in favor of the defendants. This decree is interlocutory, and if the plaintiffs can show that, by sending the case back for further testimony, they can modify or control the effect of these papers, they may move for such action.

The second patent is reissue No. 7,182, and the defendants do not deny that it was rightly granted. The second claim is: "In combination with the spring of a spring-actuated curtain-roller, a clutch which, upon the removal of the spindle from its bracket, is caused by centrifugal force to engage with the roller so as to prevent further unwinding of the spring, substantially as herein specified." The contrivance here claimed is ingenious and new, and the defense is that the defendants' clutch does not operate by centrifugal force. The expert testifies that it does operate in that way; and, upon the best examination I can give the model, I find that it does so operate, at least in part.

Patent No. 183,809, claim 1, is for a combination in such curtain-rollers as are described in the other patents, of a projection on the spindle, and a projection or stop on the adjacent bracket, arranged and co-operating in such a manner that the spindle will descend into the notch of the bracket only when turned into the proper position to cause the pawl to gravitate away from the stops, or ratchet, projecting on the roller. This claim appears to me to be valid, and to have been infringed.

The remaining patent is No. 154,400, and only the fifth claim is in controversy, which is for a notched pivot shaft, in combination with the bracket. The notching is to prevent endwise thrust. Considering the state of the art, as explained in the evidence, there seems to be nothing new in this claim, and I hold it to be invalid.

Interlocutory decree for complainants upon two of their patents.